IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: Lockhart Chemical Company, f/k/a Additives International, | Bankruptcy No. 22-22005<br>Chapter 7<br>Related to Document No. 38 |
| Debtor, | |
| | HON. CARLOTA M. BÖHM |
| Natalie Lutz Cardiello, Chapter 7 Trustee for Lockhart Chemical Company, | |
| Movant, | |
| v. | |
| Chubb Group of Insurance Companies, | |
| Respondent. _____/ | |

**STATEMENT IN SUPPORT OF THE TRUSTEE'S EXPEDITED MOTION TO ASSUME EXECUTORY CONTRACT AND TO ENJOIN TERMINATION OF INSURANCE POLICY**

The Michigan Department of Environment, Great Lakes, and Energy (EGLE) states as follows in support of the *Expedited Motion to Assume Executory Contract and to Enjoin Termination of Insurance Policy* (Motion) filed by the Interim Chapter 7 Trustee, Natalie Lutz Cardiello (Trustee).

1. The Debtor's business involves operating a facility located at 4302 James P. Cole Boulevard, Flint, Genesee County, Michigan (Facility), which manufactures additives for formulating rust preventatives, corrosion inhibitors, emulsifier packages, and other processing additives for metalworking and greases.

2. The Facility's operations require storing process materials in bulk, including chemicals and hazardous materials, and result in the generation of solid

and hazardous wastes and liquid industrial byproducts. If not properly managed, these materials and wastes pose a risk to public health and the environment.

3. Pursuant to State of Michigan Executive Orders Nos. 2011-1 and 2019-06, EGLE is the primary state agency charged with the administration and enforcement of environmental laws, including the Natural Resources and Environmental Protection Act, 1194 PA 451, Mich. Comp. Laws §§ 324.101–324.90106 (NREPA) for the protection of public health, safety, welfare, and the environment.

4. The Facility has a long history of non-compliance with environmental protection laws, including failing to properly manage chemicals, solid and hazardous wastes, and liquid industrial byproducts. EGLE has documented the presence of multiple chemicals and waste materials onsite that require proper identification, characterization, and disposal. Infiltration of contaminated runoff from the Facility into the City of Flint's storm sewer system, and ultimately the Flint River, has been a long-running issue at the site, and contaminated soil and groundwater requires corrective action and remediation.

5. On October 25, 2022, this Honorable Court granted the Trustee's *Expedited Motion for Authority to Operate Debtor's Business Nunc Pro Tunc*, permitting her to operate the Debtor's business for a period of six months. (ECF No. 29.) The Bankruptcy Code requires that this must be done in accordance with all valid state laws, including the NREPA. *See* 28 U.S.C. § 959(b).

6. In the instant Motion, the Trustee represents that "[t]he Debtor has chemical products that must be disposed of by proper means to avoid harm to the public and could be sold for the benefit of creditors of the Estate. Without insurance, the Trustee will be unable to administer these assets which will then be abandoned to the Debtor." (ECF No. 38, ¶ 26.) Further, the Trustee represents that, "[w]ithout an injunction in place, the public will be exposed to substantial harm as the chemical products will be abandoned and not properly disposed of by the Trustee in an orderly manner." (*Id.* ¶ 28.)

7. EGLE believes that it is vital to the protection of public health, safety, welfare, and the environment that the Trustee be able to properly administer the bankruptcy estate and manage all products, wastes, and liquid industrial byproducts at the Facility or other sites with assets that are part of the bankruptcy estate. EGLE, therefore, files this Statement in Support of the Trustee's Motion to assume, and enjoin the termination of, the insurance policies identified in the Motion (Policies), to enable the Trustee to take actions to abate an unacceptable risk to public health and the environment. EGLE agrees with the Trustee that, at a minimum, the balance of harms and the public interest weigh in favor of enjoining Respondent from terminating the Policies.

        Respectfully submitted,

        /s/ *Keith D. Underkoffler*
        Megen E. Miller (*pro hac vice*)
        Keith D. Underkoffler (*pro hac vice*)
        Assistant Attorneys General

        Attorneys for Michigan Department of
Environment, Great Lakes, and Energy
Environment, Natural Resources,
and Agriculture Division
P.O. Box 30755
Lansing, MI 48909
(517) 335-7664
millerm59@michigan.gov
underkofflerk@michigan.gov

Dated:  October 28, 2022

LF:  Lockhart Chemical Co. (EGLE-RRD, MMD, WRD) BK/AG #2022-0357710-B/Statement in Support 2022-10-28