**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: | Bankruptcy No. 22-22005-CMB |
| LOCKHART CHEMICAL COMPANY, | Chapter 7 |
| Debtor. | Related to Doc. No. 38 |
| NATALIE LUTZ CARDIELLO, CHAPTER 7 TRUSTEE FOR LOCKHART CHEMICAL COMPANY | |
| Movant, | |
| v. | |
| CHUBB GROUP OF INSURANCE COMPANIES, | |
| Respondent. | |

**THE CHUBB COMPANIES' OBJECTION TO EXPEDITED MOTION TO ASSUME EXECUTORY CONTRACT AND TO ENJOIN TERMINATION OF INSURANCE POLICY**

ACE Property & Casualty Insurance Company and all of its U.S.-based affiliates and successors (collectively, the "Chubb Companies"), by and through its undersigned counsel, hereby files its Objection to the Expedited Motion to Assume Executory Contract and to Enjoin Termination of Insurance Policy [Doc. No. 38] (The "Motion"), and in support thereof states as follows:

**Factual Background**

1. On or about October 10, 2022, Lockhart Chemical Company (the "Debtor") filed its chapter 7 voluntary petition initiating this Chapter 7 case.

2. Prior to the Petition Date, the Chubb Companies issued certain insurance policies (as renewed, amended, modified, endorsed or supplemented from time to time, and together with

DM1\13580101.1

any agreements related thereto, the "Chubb Insurance Program"), to or providing coverage to the Debtor, including the Auto Policy, Umbrella Policy and General Liability Policy referred to in the Motion (collectively, the "Expiring Policies").

3. On June 29, 2022, consistent with the terms of the Expiring Policies, the Chubb Companies sent notices of non-renewal to the Debtor advising the Debtor that the Chubb Companies did not intend to renew the Expiring Policies (each a "Non-Renewal Notice" and collectively, the "Non-Renewal Notices").

4. True and correct copies of the Non-Renewal Notices for the Auto Policy, Umbrella Policy and General Liability Policy are attached hereto as **Exhibits A**, **B**, and **C**, respectively.

5. The Non-Renewal Notices were sent within the time required by the Expiring Polices, as acknowledged by the Trustee. *See* Motion at ¶ 13 ("The [Expiring] Policies require that the [Chubb Companies] provide sixty (60) days' notice of its intent not to renew.").

## Argument

**I.    The Chubb Companies cannot be compelled to renew the Expiring Policies.**

6. It is well settled law that insurers cannot be required by the Bankruptcy Code to renew policies that expire by their own terms after the debtor's bankruptcy petition is filed. *See Heaven Sent Ltd. v. Commercial Union Ins. Co. (In re Heaven Sent Ltd.)*, 37 B.R. 597 (Bankr. E.D. Pa. 1984) (denying debtor's motion to enjoin insurer from not renewing debtor's automobile liability and workers' compensation policies, finding that the court did not have the power under § 105(a) of the Bankruptcy Code to enlarge the debtor's rights).

7. To do so would be to grant the Debtor more rights than it is entitled to under the Expiring Policies, which is not permitted by the Bankruptcy Code. *See In re Fields*, No. 05-35123, 2006 Bankr. LEXIS 886, at *2 (Bankr. W.D. Ky. May 22, 2006) (the Bankruptcy Code

"does not enlarge the rights of the debtor under a contract, and it doesn't prevent the termination of a contract by its own terms") (citation omitted).

8. Here, there is no obligation under the Expiring Policies that the Chubb Companies renew them, and indeed, the Chubb Companies sent the timely Notices of Non-Renewal on June 29, 2022.

9. In a similar case, the United States Bankruptcy Court for the Eastern District of Virginia denied a debtor's motion for an order to compel the insurer to renew coverage where the insurer had sent notices of nonrenewal in compliance with state law after the petition date. *In re Enterpriser Lighting Inc.*, No. 93-34352, 1994 Bankr. LEXIS 1307, at *1 (Bankr. E.D. Va. Jan. 21, 1994). In denying the debtor's motion, the court found that "there is no authority to require an insurance company to renew current insurance coverage on its expiration or to issue a new policy when the present one expires." *Id.* at *8; *see also In re Fields*, 2006 Bankr. LEXIS 886, at *3 ("This court cannot compel an insurer to keep coverage open where it clearly contracted for the right to fail to renew the policy on a certain date."); *Diamond & Gold Connection, Inc. v. U.S. Fid. & Guar. Co. (In re Diamond & Gold Connection, Inc.)*, 54 B.R. 917, 919 (Bankr. D. Mass. 1985) (denying debtor's motion for a temporary restraining order to compel the insurer to renew its policy with the debtor on the basis that the court was "without authority to order [the insurance company] to renew the policy . . ." and further stating that its decision might be different if the question were "one of enjoining cancellation of a policy rather than ordering its renewal").

10. Similarly, a court in this Circuit has also ruled that even where a debtor has alleged that continued insurance coverage is "essential to the debtor's reorganization," the court lacked the equitable power under the Bankruptcy Code to "direct [the insurer] to renew the

3

policies in question." *Heaven Sent Ltd.*, 37 B.R. at 598. The court in *Heaven Sent* specifically found that "[w]e are unaware of any provision in the Code which authorizes us to direct Commercial to renew the subject policies and thereby create new contractual rights between it and the debtor where none heretofore existed." *Id.* Consequently, despite being "fully cognizant of the debtor's plight and the ramifications of our decision," the court in that case denied the Debtors' motion for a preliminary injunction seeking the stop the non-renewal of the policies at issue in that case. *Id.*

11. Based on *Heaven Sent*, this Court is without authority to order that the Chubb Companies issue entirely new polices, for a new year of coverage, which the Chubb Companies have chosen not to do. Further, however, this case is not a reorganization like that in *Heaven Sent*, and the need for new coverage to replace the Expiring Policies is not adequately explained by the Trustee. Accordingly, there is even less basis here to compel the Chubb Companies to enter into an entirely new contractual relationship with this Debtor than there was in *Heaven Sent*, where the court still declined the debtor's invitation to compel such a result.

12. The cases cited by the Trustee are not from this Circuit and therefore are not binding on this Court.[1] Further, none justify ruling in direct opposition to the *Heaven Sent* case, or artificially expanding the rights of the Debtors under the Expiring Policies, which are now simply expiring pursuant to their terms.

**II.  The Motion is Procedurally Improper and Does Not Provide Sufficient Notice to the Chubb Companies.**

---

[1] As noted in Section II hereof, the Chubb Companies have not had sufficient time to analyze each case cited by the Trustee or to fully brief these issues, given the extremely expedited turnaround time here. The Chubb Companies can do so, however, should the Court adjourn the hearing on the Motion and provide the Chubb Companies with additional time to file a response thereto.

13. What the Trustee seeks is an injunction to force the Chubb Companies to issue wholly new insurance policies to the Debtors.

14. Pursuant to Federal Rule of Bankruptcy Procedure 7001(a)(7), any "proceeding to obtain an injunction" must be brought by adversary proceeding.

15. The Trustee has failed to comply with Federal Rule of Bankruptcy Procedure 7001(a)(7), and for that reason alone the Motion must be denied.

16. Finally, the Chubb Companies specifically request additional time to respond to the Motion, and an adjournment of the hearing set for 2:00 p.m. on this date, merely 27 hours after the Motion was filed, to allow time for the parties to properly brief the issues.

DM1\13580101.1

WHEREFORE, the Chubb Companies respectfully requests that the Court enter an order either denying the Motion, or setting a hearing date at a time that allows the Chubb Companies sufficient notice and time to file a proper response thereto, and for any other and further relief as this Court deems necessary and just.

Dated: October 28, 2022

Respectfully submitted,

DUANE MORRIS LLP

By: */s/Kenneth M. Argentieri*
Kenneth M. Argentieri, Esquire
600 Grant Street, Suite 5010
Pittsburgh, PA 15219-2802
Telephone: (412) 497-1005
Email: kmargentieri@duanemorris.com

-and-

Wendy M. Simkulak, Esquire
Catherine B. Heitzenrater, Esquire (pro hac vice motion to be filed promptly)
30 South 17th Street
Philadelphia, PA 19103-4196
Telephone: (215) 979-1000
Email:wmsimkulak@duanemorris.com
Email: cheitzenrater@duanemorris.com

*Counsel for the Chubb Companies*