IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
(Pittsburgh Division)

| | | |
|---|---|---|
| In Re: | : | |
| | : | |
| LOCKHART CHEMICAL COMPANY, | : | Case No. 22-22005-CMB |
| | : | |
| *Debtor*. | : | Chapter 7 |
| | : | |

**NOTICE OF ISSUANCE OF ADMINISTRATIVE ORDER**
**PURSUANT TO SECTION 311(c) OF THE CLEAN WATER ACT**

The United States, on behalf of the Environmental Protection Agency (EPA), files this Notice of Issuance of the attached Administrative Order issued on December 2, 2022, pursuant to section 311(c) of the Clean Water Act, 33 U.S.C. § 1321(c).

EPA Region 5 issued the Administrative Order to Natalie Lutz Cardiello, in her official capacity as Interim Trustee for Debtor, Lockhart Chemical Company, to ensure effective mitigation and prevention of a substantial threat of a discharge of oil or hazardous substances to the Flint River while operating property of the estate.

Issuance of the Administrative Order falls under the police or regulatory exception to the bankruptcy automatic stay provisions under section 362(b)(4), 11 U.S.C. § 362(b)(4), because the Administrative Order seeks to protect human health and the environment by mitigating and preventing a substantial threat of a discharge of oil or hazardous substances to the Flint River. *See United States v. Wheeling-Pittsburgh Steel Corp.*, 818 F.2d 1077, 1086 (3d Cir. 1987); *Penn Terra, Ltd. v. Dep't of Envtl. Res.*, 733 F.2d 267, 278-79 (3d Cir. 1984) (suit brought to compel debtor's estate to comply with administrative orders to prevent future harm and remedy environmental hazards did not violate the automatic stay provision of 11 U.S.C. § 362). The United States is not requesting that the Bankruptcy Court take any action at this time. Instead, the

Notice is meant to notify and provide a copy of the Administrative Order to the Bankruptcy Court.

The Administrative Order is issued to Ms. Cardiello, in her official capacity as Interim Trustee for the Debtor. An interim trustee authorized to operate a debtor's business pursuant to section 721 of the Bankruptcy Code, 11 U.S.C. § 721, must comply with environmental laws when operating property during the pendency of a bankruptcy case. *See* 28 U.S.C. § 959(b)( . . . a debtor in possession shall manage and operate the property in his possession . . . according to the requirements of the valid laws of the State in which such property is situated . . . ."); *Midlantic Nat'l Bank v. New Jersey Dep't of Envt'l Protection*, 474 U.S. 494, 502 (1986) ("Congress has repeatedly expressed its legislative determination that the trustee is not to have carte blanche to ignore nonbankruptcy law . . . Congress has expressly provided that the efforts of the trustee to marshal and distribute the assets of the estate must yield to governmental interests in public health and safety"); *United States v. Wheeling-Pittsburgh Steel Corp.*, 818 F.2d 1077, 1087 (3d Cir. 1987) (bankruptcy did not justify releasing debtor from requirements of Clean Air Act).

EPA's issuance of the Administrative Order is not intended to provide compensation for past injuries, and EPA is not seeking a money judgment as a creditor of the Debtor through the Administrative Order. Rather, the Administrative Order seeks to mitigate and prevent an existing substantial threat of a discharge of oil or hazardous substances and prevent future harm to the environment and people of Flint, Michigan, during the Interim Trustee's operations of property of the estate. It is well-established that anyone who owns or operates property acquired from a debtor must comply with environmental law. No one is entitled to ignore hazards or disregard laws that protect the public and the environment. *See, e.g., Ohio v. Kovacs*, 469 U.S. 274, 285

(1985) ("[A]nyone in possession of [a] site . . . must comply with . . . environmental laws . . . . Plainly that person . . . may not maintain a nuisance, pollute the waters . . . [,] or refuse to remove the source of such conditions.").

The United States discussed a draft of the Administrative Order with the Interim Trustee and her counsel prior to EPA issuing it. Following these discussions, the Interim Trustee, through an environmental engineer, provided material to EPA, which EPA is reviewing. And while the Interim Trustee and her counsel have indicated a desire to comply with environmental law, the issuance of the Administrative Order is necessary to protect human health and the environment and prevent the substantial threat of a discharge of oil or hazardous substances that exists from property of the estate to the Flint River.

Date: December 2, 2022

Respectfully submitted,
For the United States, on behalf of the
Environmental Protection Agency

CINDY K. CHUNG
United States Attorney

JILL LOCNIKAR
Assistant United States Attorney
Joseph F. Weis, Jr. United States Courthouse
700 Grant Street, Suite 4000
Pittsburgh, PA 15219
Tel: (412) 894-7429
Fax: (412) 644-4549
Email: jill.locnikar@usdoj.gov
PA ID No. 85892

Matthew Indrisano
Trial Attorney
Environmental Enforcement Section
Environment & Natural Resources Division
United States Department of Justice
P.O. Box 7611, Ben Franklin Station
Washington D.C. 20044-7611
(202) 514-1398
matthew.indrisano@usdoj.gov