**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| In Re: LOCKHART CHEMICAL COMPANY, | Bankruptcy No.: 22-22005-CMB |
| Debtor, | |
| | Chapter 7 |
| NATALIE LUTZ CARDIELLO, CHAPTER 7 TRUSTEE FOR LOCHART CHEMICAL COMPANY, | Hearing Date & Time: March 14, 2023 at 1:30 p.m. |
| Movant, | |
| v. | |

**NO RESPONDENT.**

<u>**APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL NUNC PRO TUNC**</u>

AND NOW, comes Natalie Lutz Cardiello, Trustee, by and through her undersigned counsel, and files this Application to employ Warner Norcross and Judd, LLP, as Special Counsel, Nunc Pro Tunc, and respectfully submits as follows:

1.      On October 10, 2022, Lockhart Chemical Company initiated this Chapter 7 Bankruptcy Case.

2.      On October 25, 2022, this Honorable Court entered an Order granting the Trustee the authority to operate the Debtor's business Nunc pro Tunc.

3.      Since that time, the Trustee has been dealing with numerous complicated legal, environmental and business issues.

4.      As part of that process, the Trustee has sought to retain John V. Byl and Scott Watson, of the law firm of Warner Norcross and Judd, LLP, as Special Counsel to represent the Estate regarding the environmental issues involved in this Chapter 7 Case.

5.     Given the numerous and complex issues involved in this case, the Trustee believes it is appropriate to retain the law firm of Warner Norcross and Judd, LLP, as Special Counsel to assist with the environmental issues involved in this case.

6.     The Trustee respectfully requests that this Court approve the employment of Warner Norcross and Judd, LLP, as Special Counsel, Nunc Pro Tunc, to represent the Estate regarding the various environmental issues involving the Estate.

7.     John V. Byl will bill at a rate of $670 per hour and Scott Watson will bill at the rate of $550.

8.     Section 327(e) of the Bankruptcy Code provides:

> The trustee, with the court's approval, may employ, for a specified special purpose, other than to represent the trustee in conducting the case, an attorney that has represented the debtor, if in the best interest of the estate, and if such attorney does not represent or hold any interest adverse to the debtor or to the estate with respect to the matter on which such attorney is to be employed.

9.     John V. Byl, Scott Watson and the law firm of Warner Norcross and Judd, LLP, satisfy all of these elements.

10.     John V. Byl, Scott Watson and the law firm of Warner Norcross and Judd, LLP, have considerable experience in matters of this character and is well qualified to represent the Trustee in these matters.

11.     To the best of the Trustee's knowledge, proposed Special Counsel has no conflict of interest in this matter.

12.     The Trustee believes that the fee arrangement is reasonable.

13.     The Trustee believes that the retention of John V. Byl, Scott Watson and the law firm of Warner Norcross and Judd, LLP, is in the best interest of the Estate.

14.     Nunc Pro Tunc relief is requested as John V. Byl, Scott Watson and the law

firm of Warner Norcross and Judd, LLP, have, in good faith, provided services for the

benefit of the Estate in dealing with numerous and complicated issues.

15. Nunc Pro Tunc relief is necessary and appropriate in this case.

16. While typically a professional is to be retained before providing services to the

Estate, the circumstances of this case are exceptional and required the providing of

services on an expedited basis.

17. In *In re Young,* 2022 Bankr. LEXIS 3231 (Bankr. W.D. Pa. 2022), the Court

explained as follows:

> Despite the general requirement that retention of a professional be
> approved by the court before rendering services, bankruptcy courts may
> grant retroactive approval of professional employment in some cases. As
> courts of equity, bankruptcy courts have historically permitted the use of
> nunc pro tunc and post facto orders to grant retroactive approval of
> employment when doing so would avoid inequitable consequences. In *In
> re F/S Airlease*, the United States Court of Appeals for the Third Circuit
> created a two-part test to determine when retroactive approval is
> appropriate. Many other jurisdictions implement this same test. First, the
> bankruptcy court must find, after notice and a hearing, that the applicant
> satisfies the disinterestedness requirements of section 327(a) and would
> therefore have been appropriately appointed initially. Second, the
> bankruptcy court must, in the exercise of its discretion, determine that the
> particular circumstances presented are so extraordinary as to warrant
> retroactive approval.

*Id. at 6-7.*

18. This Application satisfies those requirements.

19. First, as set forth herein and the attached verification, the proposed special

counsel satisfies the disinterestedness requirements.

20. Furthermore, this case has unique and exceptional circumstances which

were required to be addressed immediately.  There are numerous time sensitive issues

concerning environmental issues, orders and procedures that must be undertaken by

the Trustee to preserve the Estate.

22.    These issues required immediate action, which proposed special counsel

immediately undertook to the benefit of the Estate.

22.    As such, the Movant avers that the within Application be approved Nunc Pro

Tunc.

WHEREFORE, the Movant respectfully requests that this Honorable Court

approve John V. Byl, Scott Watson and the law firm of Warner Norcross and Judd, LLP

to serve as Special Counsel to the Trustee.

Respectfully Submitted,


Date: <u>February 3, 2023</u>                          */s/ David L. Fuchs*
                                                David L.  Fuchs
                                                PA I.D. No. 205694
                                                Fuchs Law Office, LLC
                                                554 Washington Avenue, First Floor
                                                Carnegie, PA 15106
                                                P: (412) 223-5404
                                                F: (412) 223-5406
                                                dfuchs@fuchslawoffice.com

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **In Re: LOCKHART CHEMICAL COMPANY,** | **Bankruptcy No.: 22-22005-CMB** |
| **Debtor,** | |
| | **Chapter 7** |
| **NATALIE LUTZ CARDIELLO,** | |
| **CHAPTER 7 TRUSTEE FOR LOCHART** | **Hearing Date & Time:** |
| **CHEMICAL COMPANY,** | **March 14, 2023 at 1:30 p.m.** |
| **Movant,** | |
| **v.** | |
| **NO RESPONDENT.** | |

## CERTIFICATE OF SERVICE

David L. Fuchs hereby certifies, that on the 3rd day of February, 2023, a true and correct copy of the foregoing **APPLICATION FOR EMPLOYMENT OF SPECIAL COUNSEL** was served upon the following *(via electronic service and/or First Class Mail)*:

Paul J. Cordaro
Gwenyth S. Gamble Jarvi
Kathryn L. Harrison
Campbell & Levine LLC
1700 Grant Building
Pittsburgh, PA 15219
pjc@camlev.com
ggamblejarvi@camlev.com
klh@camlev.com

Office of the United States Trustee
Liberty Center.
1001 Liberty Avenue, Suite 970
Pittsburgh, PA 15222

Date: <u>February 3, 2023</u>                    <u>*/s/ David L. Fuchs*</u>
David L.  Fuchs
PA I.D. No. 205694
Fuchs Law Office, LLC
554 Washington Avenue, First Floor
Carnegie, PA 15106
P: (412) 223-5404
F: (412) 223-5406
dfuchs@fuchslawoffice.com