# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | Bankruptcy No. 22-22005-CMB |
| | : | |
| LOCKHART CHEMICAL COMPANY | : | Chapter 7 |
| | : | |
| *Debtor* | : | |
| | : | |
| Natalie Lutz Cardiello, Trustee | : | |
| | : | |
| Movant | : | |
| | : | |
| v. | : | |
| | : | |
| No Respondent(s) | : | |

## EXPEDITED THIRD MOTION FOR AUTHORITY
## TO CONTINUE TO OPERATE DEBTOR'S BUSINESS

AND NOW, comes Natalie Lutz Cardiello, Trustee, by her undersigned counsel, Natalie Lutz Cardiello, Esquire, and hereby files this Motion pursuant to §721 of Title 11 of the United States Bankruptcy Code ("Code") seeking an order for Authority to Continue to Operate Debtor's Business. In support hereof, the Movant respectfully states as follows:

1. This case was commenced by the filing of a voluntary petition under Chapter 7 of the Code on October 10, 2022.

2. The Movant is Natalie Lutz Cardiello, Chapter 7 Trustee.

3. Prior to the commencement of this case, the Debtor was manufacturing and globally marketing a wide range of additives for formulating rust preventives, corrosion inhibitors, emulsifier packages and other processing additives for metalworking and greases ("Product").

4. The Product is held at the Debtor's property located at 4302 James P. Cole Blvd, Flint, MI 48505 ("Real Estate").

5. The Product, if not properly handled, can lead to contamination of soil and the Flint River. This is an ongoing process that requires continued observation and the removal of water from the premises.

6. In addition, the Trustee, upon discussions with various employees of the Debtor and its consultants, believes that the Product has value to the estate.

7. Some of the Product has been shipped and other Product is ready for shipping. It is anticipated that this will continue to generate income for the estate as well as remove Product from the Real Estate. The Trustee is hopeful that this can be resolved within the next six (6) to nine (9) months. In addition, the Trustee is in regular communication with a prospective purchaser who has started to perform due diligence in connection with a potential sale.

8. The Trustee has regular calls with her consultants, two of the Debtor's employees, the Assistant Attorney General for the Michigan Department of Attorney General, Environment, Natural Resources, and Agriculture Division, and numerous other parties and will continue to work with these individuals and representatives of the various entities to comply with the requirements to operate the Debtor's Business. The Trustee advised the various agencies that she will be seeking an extension of time to operate the business and, to the best of her knowledge, there is no objection to same so long as the Trustee continues to work with regulatory agencies.

9. The Trustee needs to retain and pay certain employees to handle administrative matters, monitor environmental and safety conditions at the Real Property, assist in the collection of receivables, transfer product from the Warehouse to the Real Property, etc. The Trustee also needs to continue to retain and pay contractors and consultants to work with the Trustee and various governmental agencies, including Energy Great Lakes and Environmental Protection ("EGLE"), in connection with these matters, and pay other administrative expenses as incurred, including but not limited to utilities, maintenance and insurance premiums and to do all other things which in the discretion of the Trustee are advisable in the operation of such business. The Trustee seeks authority to pay these necessary expenses to maintain and protect the Product and the Real Estate.

10. The Trustee or her counsel may also file interim fee applications in connection with the services provided to date.

11. The Trustee requests an Order authorizing her to continue to operate the Debtor's business from the termination date of prior approval through July 31, 2024.

12. The Trustee will request an extension of time in the event that the above matters and/or sale cannot be accomplished within the next nine (9) months.

13. The need for an expedited hearing has not been caused by any lack of due diligence on the part of the Trustee.

WHEREFORE, the Trustee requests that this Honorable Court enter an Order allowing her to continue to operate the Debtor's business.

Respectfully submitted,

Dated: November 1, 2023

/s/Natalie Lutz Cardiello, Esquire
Counsel to Trustee
PA ID #51296
107 Huron Drive
Carnegie, PA 15106
(412) 276-4043
ncardiello@cardiello-law.com