IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | ) | Bankruptcy Case No. 22-22005-CMB |
| | ) | |
| LOCKHART CHEMICAL COMPANY, | ) | Chapter 7 |
| | ) | |
| Debtor. | ) | Document No. ____ |
| | ) | |
| | ) | |
| CRYSTAL H. THORNTON-ILLAR, Chapter 7 Trustee for the Bankruptcy Estate of LOCKHART CHEMICAL COMPANY, | ) ) ) | |
| | ) | Hearing Date and Time: |
| Plaintiff, | ) | **January 7, 2025 at 1:30 p.m.** |
| | ) | |
| v. | ) | Response Date: **December 30, 2024** |
| | ) | |
| WEBB CHEMICAL SERVICE CORP., | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO APPROVE SETTLEMENT
AGREEMENT AND RELEASE BETWEEN
THE CHAPTER 7 TRUSTEE OF LOCKHART CHEMICAL
COMPANY AND WEBB CHEMICAL SERVICE CORP. PURSUANT
TO RULE 9019 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

AND NOW comes Crystal H. Thornton-Illar, the Chapter 7 Trustee (the "Trustee") of Lockhart Chemical Company (the "Debtor"), by and through her undersigned counsel, Leech Tishman Fuscaldo & Lampl, LLC, and files this Motion to Approve Settlement Agreement and Release Among the Chapter 7 Trustee of Lockhart Chemical Company and Webb Chemical Service Corp. ("Webb" and together with the Trustee the "Parties") pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Motion") respectfully stating as follows:

**JURISDICTION**

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding pursuant to 28 U.S.C. § 157.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1409.

## BACKGROUND

4. On October 10, 2022 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the Bankruptcy Code at the above-captioned Bankruptcy Case.

5. On October 11, 2022, Natalie Cardiello was appointed as the Chapter 7 Trustee (the "Initial Trustee").

6. On October 24, 2022, the Debtor filed its Petition Completed [Doc. No. 25] (*collectively*, the "Schedules"), which included, among other things, its Schedules of Assets and Liabilities and Statement of Financial Affairs.

7. On January 23, 2023, the Initial Trustee held the 341 Meeting of Creditors.

8. The Bankruptcy Court entered the Order and Notice of Appointment of the Trustee on May 30, 2024, after the unexpected death of the Initial Trustee.

9. The Trustee's duties include, among other things, bringing claims to avoid and recover preferential transfers and fraudulent transfers pursuant to sections 547, 544, 548, and 550 of the Bankruptcy Code.

10. The Trustee asserts that the Debtor made certain payments and transfers to Webb in the total amount of at least $90,916.00 for goods and services provided to the Debtor (the "Transfers") within 90 days prior to the Petition Date. Details of the Transfers are set forth below:

| Transferee | Date | Payment Type | Amount |
| --- | --- | --- | --- |
| Webb Chemical Service Corp. | 7/15/22 | ACH | $8,796.80 |
| Webb Chemical Service Corp. | 7/29/22 | ACH | $40,540.80 |
| Webb Chemical Service Corp. | 8/26/22 | ACH | $10,764.00 |
| Webb Chemical Service Corp. | 9/23/22 | ACH | $10,294.00 |
| Webb Chemical Service Corp. | $9/30/22 | ACH | $20,520.40 |

11. Webb asserted various defenses, including that the Transfers were payments made in the ordinary course of business pursuant to section 547(c)(2)(A) of the Bankruptcy Code and that Webb provided new value and denied liability for the Trustee's claims against it.

12. The Parties have engaged in settlement discussions concerning these claims and defenses.

13. To avoid the costs and burdens of litigation, it is the intention of the Parties to settle, satisfy, resolve, and dispose of fully and completely all claims, demands, and causes of action that could have been brought in an adversary proceeding relating to the Transfers.

## THE SETTLEMENT

14. Upon review of the evidence and legal issues involved, the Trustee has concluded that the compromise and settlement embodied herein is in the best interests of all parties considering, among other things, the expense and delay associated with litigating the disputed claims, the result of which is uncertain.

15. The Trustee and Webb have agreed, subject to Bankruptcy Court approval, to settle this matter for $21,500.00 (the "Settlement Proceeds") to be paid by Webb to the Trustee in full and final satisfaction of any and all claims, demands, or causes of action that the Trustee has or may have against Webb, including the Transfers. The Settlement Agreement and Release, which more fully sets forth the terms of the Settlement, is attached hereto and incorporated herein as **Exhibit "A"** (the "Settlement Agreement").

16. The Parties entered into the Settlement Agreement to resolve all claims related to the Transfers without the need for litigation.

17. Bankruptcy Rule 9019 of the Federal Rules of Bankruptcy Procedure provides, in pertinent part that, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." F.R.B.P. No. 9019(a).

18. In approving a proposed compromise or settlement, the Bankruptcy Court is required to make an "informed and independent judgment" as to whether the compromise or settlement is "fair and equitable," based on an:

> Educated estimate of the complexity, expense, and likely duration of . . . litigation, the possible difficulties of collecting on any judgment which might be obtained, and all other factors relevant to a full and fair assessment of the wisdom of the proposed compromise.

*Protective Comm. v. Anderson*, 390 U.S. 414, 424 (1968).

19. Guided by *Protective Comm.*, the Third Circuit established four criteria that a bankruptcy court should consider when ruling on a motion to approve settlement: (i) the probability of success in litigation; (ii) the likely difficulties in collection; (iii) the complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attending it; and (iv) the paramount interest of creditors. *Morane v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996); *see also Cameron & Mittleman v. Gibbons (In re RFE Indus., Inc.)*, 283 F.3d 159 (3d Cir. 2002).

20. When reviewing settlements, the Bankruptcy Court is not required to decide the numerous questions of law and fact raised by the parties. *See In re W.T. Grant Co.,* 699 F.2d 599, 608 (2d Cir. 1983); *Neshaminy Office Bldg. Asso.,* 62 B.R. 798 (E.D. Pa. 1986). Instead, the Bankruptcy Court will canvass the issues and see if the settlement falls below the lowest point in the range of reasonableness. *Id*.

21. The Trustee submits that the approval of the Settlement Agreement meets the criteria established by *Protective Comm.* and *Morane*. While the Trustee believes she would

succeed in litigation, Webb has asserted various defenses and may prevail on those defenses at least partially. Nevertheless, the Settlement Proceeds represent a recovery of approximately 24% recovery of the Transfers without the risk of further litigation. Given the amount of the Transfers and the additional costs of litigation, the Trustee submits that the settlement is reasonable.

22. There is always a risk that any judgment obtained will not be collected, but the terms of the Settlement Agreement require payment of the Settlement Proceeds upon approval of the Settlement Agreement and such order becoming final. Finally, this is not a complex case.

23. The compromise and settlement embodied herein is in the best interests of the Debtor, the Trustee, and creditors.

WHEREFORE, the Trustee respectfully requests that the Bankruptcy Court enter an Order substantially in the form attached hereto approving the compromise and settlement between Webb and the Trustee.

LEECH TISHMAN FUSCALDO & LAMPL, LLC

Dated: December 13, 2024

By: */s/ Crystal H. Thornton-Illar*
John S. Steiner (PA I.D. No. 79390)
Michael P. Kruszewski (PA I.D. No. 91239)
Crystal H. Thornton-Illar (PA I.D. No. 93003)
525 William Penn Place, 28th Floor
Pittsburgh, Pennsylvania 15219
Telephone: 412.261.1600
Facsimile: 412.227.5551
Email: jsteiner@leechtishman.com
Email: mkruszewski@leechtishman.com
Email: cthornton@leechtishman.com

*Counsel for Crystal H. Thornton-Illar, the Chapter 7 Trustee of Lockhart Chemical Company*